UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

Darryl Lamb,                                           File No. _____

        Plaintiff,

v.                                                          **COMPLAINT AND
                                                           JURY DEMAND**

James Burns, in His Individual
and Official Capacities, and
City of Minneapolis,

        Defendants.

_____

For his Complaint against Defendants, Plaintiff Darryl Lamb states and alleges as follows:

**Introduction**

1.     This action arises out of serious and permanent injuries Plaintiff Darryl Lamb sustained when Defendant James Burns, a sworn officer with the Minneapolis Police Department, used excessive force against him while he was handcuffed and compliant.

2.     Pursuant to federal and state law, Mr. Lamb is entitled to recover damages and such other relief as will redress the unlawful and excessive use of force against him.

**Parties**

3.     Darryl Lamb is a resident of Minnesota.

4.     Defendant James Burns was a sworn police officer employed by the City of Minneapolis at all times relevant herein, and is sued in both his individual and official capacities.

5.     Defendant City of Minneapolis is a municipality located in Hennepin County, Minnesota.

### Jurisdiction and Venue

6.     This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1343(a)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

7.     Venue is proper in the United States District Court for the District of Minnesota pursuant to 28 U.S.C. § 1391(b).

### Facts

8.     On September 2, 2018, Mr. Lamb was an occupant in a motor vehicle parked in Minneapolis. Also occupying the vehicle was its owner R.L. Mr. Lamb and R.L. have a son together, and the two were in Minneapolis because their son was receiving treatment at the University of Minnesota for a serious cardiac condition. Neither had a residence in or near Minneapolis, and they were sleeping in R.L.'s vehicle at the time of the incident alleged herein.

9.     At approximately 9:50 a.m., Defendant James Burns and his partner Officer Michael Geere approached R.L.'s vehicle. Officer Geere pounded on the driver's side window, awakening R.L. Officer Geere then stated "Hola" to R.L. (who is Native American and Caucasian, and who does not speak Spanish), and asked her to open her door.

10.     While Officer Geere interacted with R.L., Defendant Burns approached the front passenger side of R.L.'s vehicle and made contact with Mr. Lamb. Although Mr. Lamb was initially slow to respond to Defendant Burns' verbal commands, Defendant Burns was able to remove Mr. Lamb from the vehicle, and then handcuff Mr. Lamb on the ground. While on the ground, Mr. Lamb complied with Defendant Burns' commands, and

Mr. Lamb apologized repeatedly to Defendant Burns for not initially following Defendant Burns' commands quickly enough. While Mr. Lamb was handcuffed and compliant, Defendant Burns asked Mr. Lamb if he wanted to "get shot", presumably by Defendant Burns and for not complying quickly enough.

11.     Moments later, while Mr. Lamb was handcuffed and compliant, standing in an unguarded posture, and facing the passenger side of R.L.'s vehicle, Defendant Burns violently shoved Mr. Lamb into the side of the vehicle. There was no legitimate law enforcement basis for this use of force.

12.     Defendant Burns' shove was sufficiently violent to break one of Mr. Lamb's ribs. Specifically, Mr. Lamb sustained a fracture of his left seventh rib, as confirmed by x-rays performed at Hennepin County Medical Center immediately following the incident.

13.     Mr. Lamb continues to experience pain and symptoms as a result of his rib fracture. Upon information and belief, additional medical treatment is reasonable and necessary. Mr. Lamb's medical expenses remain to be determined.

14.     Mr. Lamb has and will continue to suffer general damages as a result of the incident and his injuries, including past and future pain and suffering, and emotional distress.

15.     Mr. Lamb also suffers continued disability as a result of his injuries. He is unable to perform the essential physical tasks required of the construction work he performed prior to the incident. As such, Mr. Lamb has sustained a loss of earning capacity in an amount to be determined.

16.     Mr. Lamb therefore brings the following claims for relief.

3

**Count I**
**Fourth Amendment Violation – Defendant Burns**

17.     Plaintiff incorporates the foregoing paragraphs as if set forth fully herein.

18.     Defendant James Burns, acting under color of law and within the course and scope of his employment with Defendant City of Minneapolis, used unreasonable and excessive force, when he shoved Mr. Lamb while Mr. Lamb was handcuffed and compliant.

19.     Such use of force violated Mr. Lamb's rights under the Fourth Amendment of the United States Constitution to be free from unreasonable searches and seizures.

20.     As a result of Defendant James Burns' violation of Mr. Lamb's constitutional rights, Mr. Lamb sustained injuries and damages as alleged herein.

21.     Pursuant to 42 U.S.C. § 1983, Mr. Lamb is entitled to compensatory damages and other relief from Defendant Burns in his individual and official capacities.

**Count II**
**Breach of Duty – Both Defendants**

22.     Plaintiff incorporates the foregoing paragraphs as if set forth fully herein.

23.     Pursuant to written Minneapolis Police Department Policy, Defendant James Burns had a mandatory, nondiscretionary duty to refrain from using force against arrestees in restraints.

24.     Defendant Burns breached this duty when he shoved Mr. Lamb, and such breach caused Mr. Lamb to sustain injuries and damages as alleged herein.

4

25.    Alternatively, Defendant James Burns willfully disregarded a discretionary duty, pursuant to Minneapolis Police Department Policy, to refrain from using force against Mr. Lamb when Mr. Lamb was in restraints, and when Defendant Burns knew force was not necessary to prevent escape or prevent imminent bodily harm.

26.    Pursuant to Minnesota law, Mr. Lamb is entitled to compensatory damages and other relief from Defendant Burns in his individual and official capacities.

27.    At all times relevant herein, Defendant Burns was within the scope and course of his employment for Defendant City of Minneapolis. Defendant City of Minneapolis is therefore vicariously liable to Mr. Lamb for Defendant Burns' tortious conduct.

**Jury Demand**

28.    Plaintiff demands a trial by jury on all counts herein, and on any other counts which may hereafter be alleged.

**Prayer for Relief**

WHEREFORE, Plaintiff Darryl Lamb respectfully requests the Court grant the following relief:

1.    Findings that Defendant James Burns, in his individual and official capacities, violated Mr. Lamb's Fourth Amendment rights, and is liable to Mr. Lamb for Mr. Lamb's damages and other monetary relief as alleged herein, pursuant to 42 U.S.C. § 1983;

2.    Findings that Defendant James Burns, in his individual and official capacities, breached common law duties owed to Mr. Lamb, that Defendant City of Minneapolis is vicariously liable for Defendant Burns' tortious conduct, and that

5

Defendants are jointly and severally liable to Mr. Lamb for Mr. Lamb's damages and other monetary relief as alleged herein;

3.      An award to Mr. Lamb for compensatory damages, in an amount to be determined at trial;

4.      An award to Mr. Lamb for punitive damages pursuant to federal law, in an amount to be determined at trial;

5.      Leave of Court to amend the Complaint to seek punitive damages pursuant to Minnesota law;

6.      An award to Mr. Lamb for attorney's fees pursuant to 42 U.S.C. § 1988;

7.      An award to Mr. Lamb for the costs and expenses incurred in bringing this action, and for prejudgment and post-judgment interest; and

8.      Any further and additional relief the Court deems just and equitable.


                              Respectfully Submitted,

                              MESHBESHER & ASSOCIATES, P.A.


Dated:   __June 24, 2021__          __s/ Richard Student_____
                              Steven J. Meshbesher (# 127413)
                              Richard E. Student (#390266)
                              9800 Shelard Parkway, #310
                              Minneapolis, MN 55441
                              Phone: (612) 332-2000
                              *Attorneys for Plaintiff*